UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARREN BOWMAN | CIVIL ACTION |
| VERSUS | NO: 08-4779 |
| 84 LUMBER COMPANY, L.P. | SECTION: "C" (1) |

### ORDER AND REASONS

Before the Court is defendant's Motion to Compel Arbitration and Stay Proceedings. (Rec. Doc. 7.) Plaintiff opposes. (Rec. Doc. 11.) This matter was taken under advisement on the briefs without oral argument. Based on the memoranda by parties, the record in this case and the applicable law, the Court GRANTS defendant's motion for the following reasons.

### I. BACKGROUND

This removed matter concerns whether or not plaintiff was unjustly deprived of sales commission by defendant employer. Defendant alleges that this dispute is subject to arbitration based on a "Voluntary Dispute Resolution Program Agreement," (hereinafter "Agreement") which plaintiff allegedly signed in July 2001. (Rec. Doc. 7.). Plaintiff concedes that his legal claim is within the four corners of the arbitration agreement, but that the agreement is "null and void as consent thereto is vitiated by error, fraud and/or duress pursuant to La. Civ. C. Art. 1948." (Rec. Doc. 11.)

### II. LAW AND ANALYSIS

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., provides in pertinent part:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract

2 9 U.S.C. § 2.

Due to the liberal policy in favor of arbitration, the party objecting to arbitration bears the burden to show that the Agreement is invalid. *See Walton v. Rose Mobile Homes, LLC*., 298 F.3d 470, 473 (5th Cir.2002). To decide whether the parties agreed to arbitrate a certain matter, courts generally should apply ordinary state law principles that govern the formation of contracts. *See, e.g., First Options of Chicago. Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995); *Volt Information Sciences. Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 475-476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). Generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening the FAA. *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 686-687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996).

Under Louisiana law, valid contract formation must have the following four elements: (1) the parties had the capacity to contract; (2) the parties freely gave their mutual consent to the contract; (3) the parties had cause or reason for obligated themselves; and (4) the contract has a lawful purpose. La. Civ.Code, arts.1918, 1927, 1966, 1971, 2029 cmt. b. (1991). *See also Crowe v. HomesPlus Manufactured Hous. Inc.*, 877 So.2d 156 (La.Ct.App.2004). Employment contracts that require arbitration of employment-related disputes, including employment discrimination suits, are enforceable under the Federal Arbitration Act. *See Gilmer v.*

*Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (holding that employee who signed arbitration agreement was required to arbitrate an age discrimination suit dispute under the ADEA). As a general rule, "a person who signs a written instrument is presumed to know its contents and cannot claim that he did not read or understand the document." *Blount v. Smith Barney Shearson*, 695 So.2d 1001 (La.App. 4th Cir.1997); *Brown v. Simoneaux*, 593 So.2d 939 (La.App. 4th Cir.1992); *Tweedel v. Brasseaux*, 433 So.2d 133 (La.1983).

As conceded by plaintiff, the legal claims at issue in this suit are governed by the arbitration agreement. The agreement provides in part, "associate further acknowledges and agrees that pursuant to this agreement and the program, associate is giving up any right he or she might possess to have disputed claims litigated in a court or jury trial." (Rec. Doc. 7–4.) The one-page agreement appears to be signed by plaintiff Darren Bowman on July 15, 2001. (Id.) The term "dispute" is defined in the Voluntary Dispute Resolution Program, (hereinafter "Program") referred to in the Agreement, and includes "all claims, disputes, or issues, which relate to or arise out of the employment of the Associate by the Company." (Rec. Doc. 7-5.) Therefore, absent a legally recognized defense to contracts, the Court finds the arbitration agreement governs the claims at issue in this case.

Plaintiff alleges that defendant committed fraud when a) defendant failed to discuss the Voluntary Dispute Resolution Program with him at the time of hiring and failed to provide plaintiff with a copy thereof and b) defendant failed to disclose that it considered plaintiff bound by the Agreement. The Voluntary Dispute Resolution Agreement, signed by the plaintiff, specifically states that the "associate . . . has carefully received and read a copy of the 84 Dispute

3

Resolution Program." The fact that plaintiff now claims not to have received a copy at the time of signing is not indicative of fraud by the defendant. Nor is plaintiff's claim that defendant should have told him earlier that plaintiff was considered bound by the Agreement indicative of fraud. First, there is no evidence that plaintiff actually opted out of the 2001 or 2006 Agreement. Under the Program, an associate may opt-out of the agreement by providing a "tangible document" to defendant's General Counsel no later than 30 days after receipt of this Policy. (Rec. Doc. 16, Ex. 1 at 20.) Although plaintiff states that he notified multiple supervisors of his refusal to execute the revised Agreement, none of his actions complied with the opt-out provisions of the Agreement. Plaintiff has also failed to demonstrate a duty by defendant to re-apprise plaintiff of his validly undertaken contractual obligations. The sole evidence provided by plaintiff to support his argument of defendant's intent to defraud him is plaintiff's affidavit and correspondence from the defendant that mentions other agreements, but not the agreement concerning arbitration. (Rec. Doc. 11-4.) The submitted correspondence, however, clearly does not exclude the existence of other applicable agreements. Defendant states in the letter, "you signed various documents <u>including but not limited</u> to an acknowledgment of the Standards of Business conduct, and an employment application." (Id.)(emphasis added.)

Plaintiff also alleges that he should not be bound by the agreement because he does not remember signing it and because in 2006 he refused to execute a revised Voluntary Dispute Resolution Agreement. Plaintiff does not contest the validity of his signature on the Agreement, but rather that he does not remember signing it. The Agreement is one-page long and uses the same readable font size throughout. The Agreement specifically acknowledges giving up the right to pursue certain claims in a court of law. In short, there is no evidence that this is a

4

contract of adhesion. Second, defendant notified plaintiff that his continued employment without an opt-out under the program guidelines constituted his agreement to be bound by the revised 2006 Agreement. (Rec. Doc. 16.) As noted previously, plaintiff's communications with his supervisors fails to comply with the opt-out procedures under the Program.

### III. CONCLUSION

The Court finds that the written terms of the Voluntary Dispute Resolution Program Agreement are enforceable and valid under Louisiana law. Accordingly, it is appropriate to compel arbitration and stay these proceedings pending arbitration.

Accordingly,

IT IS ORDERED that defendant's Motion to Compel Arbitration and Stay Proceedings (Rec. Doc. 7) is GRANTED.

IT IS FURTHER ORDERED that this matter is hereby STAYED pending arbitration of plaintiff's claims. Parties shall update the Court as to the status of the arbitration within six months of this Order or as soon as plaintiff's claims are resolved, whichever may occur first.

IT IS FURTHER ORDERED that this matter is administratively closed for statistical purposes pending arbitration of plaintiff's claims and notification by the parties.

New Orleans, Louisiana, this 7th day of May, 2009.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**